IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

EDNA YVONNE MATTEI PEREZ

Debtor

CASE NO.

CHAPTER 11

**APPLICATION FOR LEAVE TO RETAIN COUNSEL**

TO THE HONORABLE COURT:

The application of the Debtor herein, respectfully represents:

Applicant wishes to retain the services of the Law Office of Carlos E. Rodriguez Quesada, to act as counsel for the debtor in the present proceedings. The captioned case requires the services of an attorney conversant in bankruptcy matters, to represent the Estate in all legal matters, advice, conduct litigation, and the preparation of Disclosure Statement and Plan of Reorganization.

Applicant wishes to retain its Law Firm as attorneys in the case. Carlos E. Rodriguez Quesada is admitted to practice before this Court and before the Supreme Court of the Commonwealth of Puerto Rico, US District Court for the District of Puerto Rico, the Court of Appeals for the First Circuit, and the United States Supreme Court. Applicant submits that said Law Office is well qualified to act as attorneys in connection with the administration of this Estate. The recommended counsel has had substantial experience as an attorney in bankruptcy proceedings.

To be best of applicant's knowledge, the said Law Office of Carlos E. Rodriguez Quesada does not have any relation:

    (a) with creditors of the Estate, or any other party in interest;

    (b) with attorneys for creditors -or any other party in interest;

    (c) with accountants for creditors or any other party in interest; and

    (d) with the Office of the United States Trustee or any person employed in the Office of the United States except former member the of Trustee, as Trustee panel, that

would disqualify it from acting as counsel for the herein Estate.

Your applicant further believes that in the discharge of its duties Counsel the will any Debtor, it for represent not as interest adverse to the herein Estate pursuant to- 11 U.S.C. §327 (a). The office is a disinterested party as defined in 11 USC §101(14) and pursuant to 11 USC §327(a).

The proposed Law Offices will be paid for its services upon application and approval by this Honorable Court and upon such terms and conditions as the Court deems proper, and reasonable. The rates per hour to be charged are:

| | |
|---|---|
| Senior Attorneys | $ 250.00 |
| Associate Attorneys | $ 175.00 |
| Paralegals | $ 100.00 |

A $ 8000.00 retainer fee has been paid by Stream Line Insurance Academy.

I have not agreed to share with any person, except members of my Firm, the compensation to be paid for the services rendered in this case.

I have reviewed the provisions of LBR 2016-1.

WHEREFORE, your applicant prays to the entry of an Order granting leave to retain the Law Offices of Carlos E. Rodriguez Quesada as attorney for the Debtor in the present proceeding.

**WE HEREBY CERTIFY** that the foregoing motion was filed with the clerk of the US Bankruptcy Court for the District of Puerto Rico electronically using the CM/ECF system, which automatically serves notification of the filing to the US Trustee's Office

In San Juan, Puerto Rico, this 18th day of August 2011.

_____
Edna Yvonne Mattei Perez
Debtor

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| IN RE: | CASE NO. |
|---|---|
| EDNA YVONNE MATTEI PEREZ | CHAPTER 11 |
| Debtor | |

### VERIFIED STATEMENT OF CARLOS E. RODRIGUEZ QUESADA
### UNDER BANKRUPT RULES 2014 AND 2016 IN SUPPORT OF
### APPLICATION TO RETAIN COUNSEL FOR THE DEBTOR

CARLOS E. RODRIGUEZ QUESADA, under penalty of perjury, states:

I am a the managing member of the Law Office of Carlos E. Rodriguez Quesada, which maintains an office at Calle San Francisco #361, Old San Juan, Puerto Rico. I submit this Verified Statement in accordance with Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure in support of the above-captioned debtor's (the "Debtor") application for an order under Sections 327(a) and 329 of the United States Bankruptcy Code, authorizing the employment and retention of the Law Office of Carlos E. Rodriguez Quesada as attorneys for the Debtor. Except as otherwise indicated, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.

### QUALIFICATION OF PROFESSIONALS

Since August of 2011, the Law Office of Carlos E. Rodriguez Quesada has been consulted by the Debtor in connection with its financial distress to explore various options and strategies for a restructuring of the Debtor's operations and debt structure.

The Law Office of Carlos E. Rodriguez Quesada has become familiar with the Debtor's business and legal affairs. The Law office was subsequently retained to prepare and file a petition for Reorganization and to represent the Debtor during its reorganization efforts. I am the senior member and owner of the Law Office of Carlos E. Rodriguez Quesada and will coordinate the representation of the Debtor in this case. I have over 20 years experience in reorganization cases.

Because the Law Office of Carlos E. Rodriguez Quesada is most familiar with the particular challenges and issues relating to the Debtor's reorganization, the continued representation of the Debtor by the Law Office as its restructuring and bankruptcy counsel is critical to the success of the Debtor's reorganization effort.

The Law Office of Carlos E. Rodriguez Quesada will be required to render, among others, the following services to the Debtor:

(a) advise the Debtor with respect to its powers and duties as debtor-in-possession in the continued management and operation of its business;

(b) attend meetings and negotiate with representatives of creditors and other parties in interest and advise and consult on the conduct of the case, including all of the legal and administrative requirements of operating in Chapter 11;

(c) take all necessary action to protect and preserve the Debtor's estate, including the prosecution of actions on its behalf, the defense of any actions commenced against it, negotiations concerning all litigation in which the Debtor is involved and objections to claims filed against the estate;

(d) prepare on behalf of the Debtor all motions, applications, answers, orders, reports, and papers necessary to the administration of the estate;

(e) negotiate and prepare on the Debtor's behalf a plan of reorganization, disclosure statement, and all related agreements and/or documents and take any necessary action on behalf of the Debtor to obtain confirmation of such plan;

(f) advise the Debtor in connection with the sale of assets;

(g) appear before this Court, any appellate courts, and the U.S. Trustee and protect the interests of the Debtor's estate before such courts and the U.S. Trustee; and

(h) perform all other necessary legal services and provide all other necessary legal advice to the Debtor in connection with this Chapter 11 case.

Subject to the Court's approval of the Application, the Law Office of Carlos E. Rodriguez Quesada is willing to serve as the Debtor's counsel and to perform the services described above.

Except as may be otherwise set forth below, and to the best of my knowledge, the members and associates of the Law Office of Carlos E. Rodriguez Quesada: (i) do not have any connection with the Debtor or its affiliates, its creditors, or any other party in interest, or its respective attorneys and accountants; (ii) are "disinterested persons," as that term is defined by Section 101(14) of the Bankruptcy Code; and (iii) do not hold or represent any interest adverse to the estate.

The Law Office of Carlos E. Rodriguez Quesada has conducted a conflicts check regarding its relations with the Debtor, its unsecured creditors, prepetition and post-petition lenders, pending or potential litigation adversaries, and the Office of the U.S. Trustee (the "Potential Parties in Interest"). No conflicts have arisen from this investigation.

The Law Office of Carlos E. Rodriguez Quesada will maintain an ongoing inquiry regarding adverse parties in this Chapter 11 case and the Debtor's constituencies and, if appropriate, will file promptly with the Court any supplemental disclosure that becomes necessary.

To the best of my knowledge and belief:

(a) Neither the Law Office of Carlos E. Rodriguez Quesada nor any of its attorneys holds or represents an interest adverse to the Debtor's estate.

(b) Neither the Law Office of Carlos E. Rodriguez Quesada nor any of its attorneys is or was a creditor, an equity security holder, or an insider of the Debtor,

(c) Neither the Law Office of Carlos E. Rodriguez Quesada nor any of its attorneys is or was an investment banker for any outstanding security issued by the Debtor.

(d) Neither the Law Office of Carlos E. Rodriguez Quesada nor any of its attorneys is or has been an investment banker for a security issued by the Debtor, or an attorney for an investment banker in connection with the offer, sale, or issuance of any security issued by the Debtor.

(e) Neither the Law Office of Carlos E. Rodriguez Quesada nor any of its attorneys is or has been a director, officer, or employee of the Debtor.

(f) The Law Office of Carlos E. Rodriguez Quesada does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security

holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor or an investment banker specified in the foregoing paragraphs, or for any other reason.

In view of the foregoing, the Law Office of Carlos E. Rodriguez Quesada is a "disinterested person" within the meaning of 11 U.S.C. §101(14).

(g) I have not agreed to share with any person, except members of my Firm, the compensation to be paid for the services rendered in this case.

(i) I have reviewed the provisions of LBR 2016-1.

The proposed Law Offices will be paid for its services upon application and approval by this Honorable Court and upon such terms and conditions as the Court deems proper, and reasonable. The rates per hour to be charged are:

| | |
|---|---|
| **Senior Attorneys** | $ 250.00 |
| **Associate Attorneys** | $ 175.00 |
| **Paralegals** | $ 100.00 |

A $ 8000.00 retainer fee has been paid by Stream Line Insurance Academy.

Consistent with the office policy with respect to its other clients, Law Office of Carlos E. Rodriguez Quesada will continue to charge the Debtor for all other services provided and for other charges and disbursements incurred in the rendition of services. These charges and disbursements include, among other things, costs for telephone charges, photocopying, travel, business meals, computerized research, messengers, couriers, postage, witness fees, and other fees related to trials and hearings.

The Law Office of Carlos E. Rodriguez Quesada intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of charges and disbursements incurred in this Chapter 11 case in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the orders of this Court.

The Law Office of Carlos E. Rodriguez Quesada has agreed to accept as compensation such sums as may be allowed by the Court on the basis of the professional time spent; the rates charged for such services; the necessity of such services to the administration of the estate; the reasonableness of the time within which the services were performed in relation to the results achieved; and the complexity, importance, and nature of the problems, issues or tasks addressed in this case.

Other than as described above, no arrangement is proposed between the Debtor and the Law Office of Carlos E. Rodriguez Quesada for compensation to be paid in this case.

No attorney at the Law Office of Carlos E. Rodriguez Quesada is related to any United States District Judge or United States Bankruptcy Judge for the District of Puerto Rico or to the United States Trustee for such district or to any known employee of such entities. Carlos E. Rodriguez Quesada is a former member of the Chapter 7 Trustee panel, and has been out of rotation for over ten years.

No previous request for the relief sought in this Application has been made to this Court or any other court.

**WHEREFORE,** your applicant prays to the entry of an Order granting leave to retain the Law Office of Carlos E. Rodriguez Quesada as attorney for the Debtor in the present proceeding. You are hereby advised that should no timely written opposition is filed the next twenty days (20), from the date of this notice, the same may be approved by the Court without further notice or hearing.

WE HEREBY CERTIFY that the foregoing motion was filed with the Clerk of the US Bankruptcy Court for the District of Puerto Rico electronically using the CM/ECF system, which automatically serves notification of the filing to the US Trustee's Office and to parties in interest.

In San Juan, Puerto Rico, this 18th day of August 2011.

/s/ Carlos E. Rodríguez Quesada, ESQ
USDC-PR #124810
PO Box 9023115
San Juan, Puerto Rico 00902-3115
Tel (787) 724-2867  Fax (787) 724-2463
cerglaw@coqui.net

Carlos E. Rodriguez Quesada, Esq.
PO Box 9023115
San Juan, P. R. 00902-3115
Phone (787) 724-2867 ~ Fax (787) 724-2463

## EDUCATION

| | |
|---|---|
| 1975-1978 | Juris Doctor, Univ. of Puerto Rico, School of Law - 1978 |
| 1970-1975 | B.A. Literature, Univ. of Puerto Rico - 1975 |
| 1978-Present | Maintain currency in Puerto Rico, Federal and Bankruptcy Law through CLE courses. |

## EMPLOYMENT

**1/2000 – present**    *Law Office of Carlos E. Rodriguez Quesada*
Specialized solo practice for selected clients in Bankruptcy matters and litigation. Represent Trustees in avoidance and turnover litigation; secured creditors; also represent creditors and debtors in possession in Chapter 11 Reorganizations.

**1997- 2000**    *Of Counsel - Woods & Woods*
Of counsel for commercial litigation firm, handling all aspects of litigation in Federal and State Courts, in Damages and Commercial litigation; Representation of creditors in commercial bankruptcy proceedings; counsel for debtors in consumer cases.

**1992- Present**    *Carlos E. Rodríguez Quesada - Chapter 7 Trustee*
Appointed as chapter 7 Trustee for the District of Puerto Rico on May, 1992. Administer, liquidate and operate chapter 7 Bankruptcy Estates. Although not currently in the active panel, continue closing pending cases presently.

**1991-1997**    *Law Office of Carlos E. Rodriguez Quesada*
Solo practice with one associate attorney and paralegal, dedicated to the practice of Bankruptcy. Represent Trustees in avoidance and turnover litigation; also represent creditors and debtors in possession in Chapter 11 Reorganizations.

**1989-1990**    *Director, Federal Litigation Division, Department of Justice of Puerto Rico*
The division conducted all aspects of litigation in Federal Court where the Commonwealth, its agencies or officers were a party. Supervised the work of

twelve (12) attorneys in areas such as Civil Rights, Bankruptcy, Injunctive Relief and Damages.

**1986-1989**     ***Attorney, Law Office of Raul Casasnovas Balado***
Associate attorney in charge of bankruptcy in an office dedicated to mortgage foreclosures. Handled cases where bankruptcy was filed. Also represented debtors in possession in commercial Reorganizations.

**1985-1986**     ***Associate Attorney, Otero Suro & Otero Suro***
Associate in bankruptcy law firm involved in all aspects of bankruptcy practice. Represented creditors, debtors and trustees in consumer and commercial cases. Prepared and litigated adversary proceedings and contested matters, as well as conducted negotiations of settlements and sales of property.

**1984-1985**     ***Attorney, Bankruptcy Division Department of Justice of Puerto Rico***
Attorney in charge of Bankruptcy Division within Federal Litigation Area. Represented Commonwealth taxing and regulatory agencies in bankruptcy proceedings and litigation.

**1979-1984**     ***Judge Advocate, U.S. Air Force – active duty***
Stationed at McConnell AFB, Kansas, chief of civil law. Handled claims and procurement matters; Stationed at Torrejon AB, Spain, Area defense Counsel. In charge of providing representation in criminal proceedings and adverse actions to active duty members at Torrejon, AB, Zaragoza AB, and units throughout Spain. Also covered Air Force installations at Greece and Crete.

### ADMITTED TO PRACTICE IN:

- ❖ Puerto Rico Supreme Court - Nov. 1978
- ❖ U.S. District Court, District of Puerto Rico - Dec. 1978
- ❖ U.S. Court of Appeals, 1st Circuit - 1984
- ❖ U.S. Court of Military Appeals Feb. 1979
- ❖ U.S. Supreme Court - 1986
- ❖ U.S. Court of Appeals for Veterans Claims -- July 1999